Monte Alan Rich
State Bar No. 019576
LAW OFFICES OF MONTE ALAN RICH, LLC
302 W. Willis Street, Suite 100
Prescott, AZ  86301
Telephone:  (928) 778-4438
Facsimile: (928) 443-9338
e-mail:  monterich@monterichlaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| CASSIE PORTER, a single woman, | Case No. CV09-8132 |
| Plaintiff, | |
| v. | COMPLAINT |
| NATIONAL ENTERPRISE SYSTEMS, RICHARD PRICE, WHITE CORPORATIONS; BLACK PARTNERSHIPS; GREEN LLC'S; and JOHN DOES AND JANE DOES I-X, | JURY TRIAL DEMAND |
| Defendants | |

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of

1

the invasions of Plaintiff's personal privacy by these Defendants in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Cassie Porter is a natural person who resides in the City of Chino Valley, County of Yavapai, State of Arizona, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant National Enterprise Systems, *Inc*. (hereinafter "*Defendant Enterprise*") is a corporation and a collection agency operating from an address of 29125 Solon Road, Solon, Ohio 44139-3342 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Richard Price (hereinafter "Defendant Price") is a natural person employed by Defendant Enterprise as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

7. In December of, 2007, Plaintiff signed for a Sears credit card for her , herself. The act of signing the document incurred a financial obligation that was primarily for personal, family or household purposes, that *allegedly* went into default for late payment, and is

therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, charges related to credit purchases amounting to approximately $1,352.01. Sometime in or around September 15, 2008, the Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff, when thereafter Plaintiff started receiving collection communications from Defendants in an attempt to collect this debt.

8. The collection of the debt springs from credit charges incurred in December 2007 and early 2008.

9. At some point, the defendant received the collection account from the original creditor, Citi -Sears.

10. On or about September 17, 2008, Defendant Price contacted Plaintiff on behalf of Defendant Enterprise. Defendant Price contacted Plaintiff telephonically and advised Plaintiff that she would have charges pressed against her and that the police would come to her door if she terminated the phone call and/or if she did not set up a payment arrangement with an account number the very same day.

11. Defendant Price further advised that he could have the police sent to the Plaintiffs house and serve her with papers and take her to jail. Defendant Price then asked, "How would your parents like that."

3

12. Plaintiff asked to contact her mother to arrange for a loan to pay the amount. Defendant Price advised Plaintiff that she could not call back, that she had to pay or he would have the police sent to her door.

13. Plaintiff advised that Defendant Price that she did not have any money and requested to make payments. Defendant Price advised that they were beyond making payments and that she needed to pay the full amount. Defendant Price advised that the payment could be set up for Friday September 19, 2008. Defendant Price then contacted Plaintiff's bank to get account information with the instruction to hit the pound sign to be reconnected with Defendant Price to provide him with account information.

13. Plaintiff provided defendant Price with her account information and set up a payment to occur Friday September 19, 2008. Defendant Price then advised Plaintiff that if for any reason the payment did not go through that he would go ahead with the charges against her.

14. Immediately after getting off the phone with Defendant Price, Plaintiff contacted her mother Lorrie Porter in tears about what had just occurred. Plaintiff advised that she did not know where she could get the money and that she had given Defendant Price her account information.

15. Plaintiffs mother, Lorrie Porter, then contacted Defendant Price about what had occured. Defendant Price confirmed the contact with Plaintiff

and provided Plaintiff's social security number to Lorrie Porter, the account number and other personal information. Defendant Price then advised Lorrie Porter that Plaintiff could go to jail and that if the money was not available on Friday it would be a felony offense.

16. On or about September 22, 2008 Plaintiff received the written collection notice from Defendant national Enterprise Systems.

17. On or about September 19, 2008, Plaintiff contacted Defendant Price and advised him that she had closed her account and advised that the payment would not be coming. Defendant Price advised Plaintiff that stopping the payment was a felony and that she would have to deal with the consequences.

18. Later that same day of September 19, 2008, Plaintiff's mother Lorrie Porter also contacted Defendant Price while at his workplace. Defendant Price again stated that stopping the payment was a felony. Defendant Price described the Plaintiff's conduct as malicious and dishonest. Defendant Price claimed that he had the court charges suspended based on Plaintiff's promise to pay. Defendant Price also stated that he would immediately file charges for passing a bad check over state lines. Defendant Price described his conduct in not sending police as a favor he had done for the Plaintiff.

19. On or about September 23, 2008 a different employee of Defendant National Enterprise Systems left a message on Plaintiff's phone

requesting that Plaintiff call her back. Since that time Plaintiff has had no further contacts with any of the Defendants.

16. Plaintiff's now bring this action against Defendants for multiple violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(2), 1692c(a)(1), 1692c(b), 1692d, 1692d(1), 1692e, 1692e(1), 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692e(11), 1692j and 1692f, 1692f(2), 1692f(3) amongst others.

### *Summary*

17. The above-detailed conduct by Defendants, of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of financial private facts.

18. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, loss of credit score, as well as suffering from unjustified and abusive invasions of personal privacy.

**TRIAL BY JURY**

19. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The foregoing intentional and negligent acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

22. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

**COUNT II.**

**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL DATA TO THIRD PARTY**

23. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

24. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

25. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates a broad range of "financial institutions" whose definition includes debt collectors, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

26. Defendants intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or

affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and revealing personal information to third parties thereby invading Plaintiff's privacy.

27. Defendants intentionally and/or negligently caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt thereby invading and intruding upon Plaintiff's right to privacy.

28. The release of the collection information to the credit bureaus and the repeated conduct of the collection agency attempting to collect the debt and revelation of private information to third parties are examples of the defendants acts of invasion of privacy.

29. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

30. These intrusions and invasions by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

31. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

**COUNT III: VIOLATION OF THE ARIZONA ADMINISTRATIVE CODE REGARDING DEBT COLLECTION (ADD CITE)**

32. Plaintiff incorporates by reference all of the above paragraphs on this Complaint as though fully set forth herein.

33. The foregoing intentional and negligent acts and omissions of each and every Defendant constitute numerous and multiple violations of the

34. As a result of each and every Defendant's violations of the (CITE)Plaintiff is entitled to treble damages pursuant to CITE and reasonable attorney's fees and costs pursuant to DITE from each and every Defendant herein.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant and grant the following relief against Defendants:

(a) Actual Damages;

(b) Punitive Damages;

(c) Statutory Damages;

(d) Attorney's Fees and Costs; and

(e) for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: July 22, 2009

By: Monte Alan Rich
LAW OFFICE OF MONTE ALAN RICH, LLC

302 w. Willis Street, Suite 100

Prescott, Arizona 86301

(928) 778-4438

(928) 443-9338 Facsimile

**Attorney for Plaintiff**

RESPECTFULLY SUBMITTED this 22nd day of July 2009.

                            LAW OFFICE OF MONTE ALAN RICH

By_____
      MONTE ALAN RICH
      Attorney for Plaintiff

1  COPY of the foregoing Complaint and summons mailed, filed, hand
2  delivered this 22nd day of July, 2009 to:
3
4
5
6  By _____
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26